IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Fargo Baseball LLC d/b/a Fargo-Moorhead RedHawks,<br><br>      Plaintiff,<br>vs.<br><br>Midstream Lighting Holding Inc., Midstream Lighting Inc., Athletic Lighting Solutions Inc., James McCarty, Gail McNulty, Don Schoen,<br><br>      Defendants. | Case No: 3:25-cv-203<br><br>**NOTICE OF SUGGESTION OF BANKRUPTCY AND CLARIFICATION OF THE SCOPE OF THE AUTOMATIC STAY** |

  1. On September 20, 2025, Defendant Midstream Lighting Inc. filed a voluntary petition for relief under Chapter 7 in the United States Bankruptcy Court for the Northern District of Ohio (Akron Division), Case No. 25-51620-amk. Debtor's counsel has provided notice of the filing and the effect of the automatic stay.

  2. The statutory co-debtor stays in 11 U.S.C. §§ 1301 (Chapter 13) and 1201 (Chapter 12) do not apply in Chapter 7. Under 11 U.S.C. § 362(a), the filing operates as an automatic stay of proceedings against the debtor and actions to obtain or control property of the estate.

  3. The Eighth Circuit has made clear that the § 362 stay "does not, in general, apply to actions against third parties." Nat'l Bank of Ark. v. Panther Mountain Land Dev., LLC, 686 F.3d 916, 921 (8th Cir. 2012). The extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances. Sav-A-Trip, Inc. v. Belfort, 164 F.3d 1137, 1139 (8th Cir. 1999). An automatic stay will apply to non-debtors only when "a claim against the non-debtor

1

will have an immediate adverse economic consequence for the debtor's estate." Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 762 (8th Cir. 2011).

4. Here, extension of a stay to the non-debtor co-defendants is unwarranted. The debtor's own materials, including its corporate resolution filed in its bankruptcy proceeding, reflect adverse rather than unified interests between the debtor and the non-debtor co-defendants. See, 25-51620-amk Doc. ID 2 Corporate Resolution). The Corporate Resolution describes diversions of customer funds and potential claims by the debtor estate against certain co-defendants.

5. Additionally, there is no showing of absolute indemnity, shared fixed insurance that would be immediately depleted, or any other "unusual circumstances" that could justify extending § 362 to a non-debtor co-defendant.

6. While McCarty, McNulty, and Schoen were officers of Midwest Lighting, Inc., this is not enough to extend the bankruptcy stay. See Sav-A-Trip, at 1139-1140 (although appellants were the president and vice-president of the bankrupt company, the court summarily rejected the contention that the stay is extended to them, "the automatic stay enjoyed by [the debtor] defendants does not properly extend to appellants."); see also C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp. 2d 1002, 1014-16 (N.D. Iowa 2001) (discussing Sav-A-Trip that appellants' argument was an identity of interest, as president and vice-president of the bankrupt company, yet the court summarily rejected this argument, and determining that, in addition of finding unusual circumstances to extend a stay to codefendants, the Eighth Circuit would also require the debtor affirmatively move the bankruptcy court to extend the automatic stay to actions involving the non-bankrupt codefendants).

7. Plaintiff respectfully requests that the Court note the automatic stay only as to Midstream Lighting Inc. and allow the case to proceed against all non-debtor defendants

(Midstream Lighting Holdings Inc. Athletic Lighting Solutions, Inc.; James McCarty; Gail McNulty; and Don Schoen) without prejudice to any party seeking further relief in the bankruptcy court.

Dated: October 9, 2025.

                                                  */s/ Joel Fremstad*
                                      Joel Fremstad (ND ID 05541)
                                      Kyle B. Christianson (ND ID 09845)
                                      FREMSTAD LAW FIRM
                                      P.O. Box 3143
                                      Fargo, North Dakota 58108-3143
                                      Phone: (701) 478-7620
                                      joel@fremstadlaw.com
                                      ATTORNEYS FOR PLAINTIFF